**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5143**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

WILLIAM JOSEPH BLACK,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:09-cr-00131-FL-1)

Submitted: November 22, 2011     Decided: December 14, 2011

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Joseph Black was convicted, following a jury trial, of nine counts of receipt of child pornography, in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 2011), and two counts of possession of child pornography, in violation of 18 U.S.C.A. § 2252(a)(4)(B) (West Supp. 2011). The district court sentenced Black to 262 months' imprisonment and a lifetime term of supervised release. This appeal timely followed.

Black's sole appellate contention is that the district court erred in denying his motion for a mistrial, which was predicated on the prosecutor's questioning of a law enforcement witness regarding Black's post-<u>Miranda</u>[1] silence. We review a district court's refusal to grant a mistrial for an abuse of discretion. <u>See</u> <u>United States v. Johnson</u>, 587 F.3d 625, 631 (4th Cir. 2009) (providing standard of review), <u>cert. denied</u>, 130 S. Ct. 2128 (2010).

Black argues that, while conducting his direct examination of State Bureau of Investigation Agent Mike Smith, the prosecutor engaged in a line of questioning that impinged on Black's right to remain silent, in violation of <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976). We agree with the Government that there was no <u>Doyle</u> violation in this case. The facts of this case are

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

2

very similar to those in Greer v. Miller, 483 U.S. 756, 764-65 (1987), in that, like Greer, the district court here sustained the objection to the improper questioning and thus "did not permit the inquiry that Doyle forbids." Greer, 483 U.S. at 764. We are not persuaded by Black's attempts to distinguish his case from Greer.

Concluding that there was no Doyle violation does not end our inquiry, however. As the Supreme Court explained in Greer, "[a]lthough the prosecutor's question did not constitute a Doyle violation, the fact remains that the prosecutor attempted to violate the rule of Doyle by asking an improper question in the presence of the jury." Id. at 765. An attempted Doyle violation amounts to a claim of prosecutorial misconduct, which violates due process if it is so egregious that it effectively denies the defendant a fair trial. Id. When reviewing such a claim, we must evaluate the challenged remark "in context." Id. at 766 (internal quotation marks omitted).

We readily conclude the prosecutor's questioning, while improper, was not so egregious as to render Black's trial fundamentally unfair. First, the improper questioning was limited, and the district court sustained defense counsel's prompt objection to it. With the parties' input, the district court crafted a curative instruction, ordering the jury to

3

disregard the impermissible line of questioning and any attempted answers by Smith. This court "generally follow[s] the presumption that the jury obeyed the limiting instructions of the district court." United States v. Williams, 461 F.3d 441, 451 (4th Cir. 2006) (internal quotation marks omitted). Further, the Government did not otherwise mention or reference Black's post-arrest silence. Finally, the record is replete with evidence to support the jury's guilty verdicts. Accordingly, we hold the district court did not abuse its discretion in denying Black's motion for a mistrial.

For the foregoing reasons, we affirm the district court's judgment.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] Black does not raise any arguments on appeal relevant to his 262-month sentence.